FILED
MAY 27 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:16-CR-120 |
| | ) |
| WILSON ALFONSO OVERTON, | ) |
| | ) |
| Defendant. | ) |

STATEMENT OF FACTS

The United States and the defendant, WILSON ALFONSO OVERTON ("OVERTON"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about March 16, 2016, at approximately 1:07 am, United States Park Police Sergeant Jonathan Daniels was monitoring traffic on the southbound George Washington Memorial Parkway in the area of the first overlook, which is located within the Eastern District of Virginia. Sergeant Daniels measured a vehicle travelling at approximately 70 miles per hour in a 50 mile per hour zone, activated emergency lights, and pulled over the vehicle at a location that was within the Eastern District of Virginia and the special maritime and territorial jurisdiction of the United States. Sergeant Daniels, in uniform and displaying his badge of authority, identified himself as a law enforcement officer and asked the driver for his identification. Sergeant Daniels identified the driver as WILSON ALFONSO OVERTON by his Maryland driver's license. Officer Gregory Harper responded, in uniform and driving a law enforcement cruiser with emergency lights activated, to provide assistance in conducting the traffic stop.

2. Sergeant Daniels smelled marijuana coming from the vehicle and believed that OVERTON was impaired. Sergeant Daniels and Officer Harper approached the driver's side of the vehicle. Sergeant Daniels stood next to the driver's side window while Officer Harper stood next to him in front of the wheel well of the front left wheel of the vehicle.

3. OVERTON's window was rolled down and Sergeant Daniels asked the defendant to exit the vehicle several times. OVERTON refused, saying "no," and suddenly rolled up his window. Officer Harper attempted to pull his taser from his holster when OVERTON put the vehicle in gear and accelerated, striking Officer Harper with the side view mirror of his vehicle. The mirror hit Officer Harper's taser and holster which were situated on his left hip and the impact turned Officer Harper around. OVERTON sped away, at which time Sergeant Daniels and Officer Harper returned to their respective cruisers. Sergeant Daniels and Officer Harper pursued OVERTON southbound on the George Washington Memorial Parkway at a speed between 85 and 115 miles per hour, based on a certified and calibrated radar reading.

4. OVERTON reached the I-395 South ramp, lost control of his vehicle, and crashed into a guardrail, all while still in the Eastern District of Virginia and the special maritime and territorial jurisdiction of the United States. OVERTON climbed out of the driver's side window and fled, running up the ramp towards the I-395 South highway. Officer Harper and Sergeant Daniels exited their vehicles and pursued the defendant on foot across I-395 into a heavily wooded area. Officer Harper and Sergeant Daniels lost sight of the defendant and additional law enforcement resources were called in to assist.

5. OVERTON, having evaded detection by law enforcement, then returned to where his vehicle had crashed and where the law enforcement cruisers were located, which were parked in the Eastern District of Virginia and the special maritime and territorial jurisdiction of the

United States. With no one around, and without the consent of the owner of the vehicle, OVERTON then entered one of the law enforcement cruisers and began driving it towards the District of Columbia while the emergency equipment was still activated. OVERTON entered the District of Columbia and crashed the vehicle at the ramp to the 11th Street bridge in the District of Columbia. OVERTON then fled from the scene on foot.

6. The value of the vehicle that was taken was $29,000. The value of a United States Park Police issued computer located inside the vehicle was $3,157. Both the vehicle and the computer were destroyed, such that cost to repair these items would exceed their value. The defendant acknowledges his actions caused the destruction of this property.

7. The defendant did assault, resist, oppose, impede, intimidate, or interfere with an officer or employee of the United States while such officer or employee was engaged in or on account of the performance of official duties. The defendant's acts involved physical contact with the victim of that assault and were done with the intent to commit another felony.

8. The defendant did knowingly take, drive, and use a vehicle, not his own, without the consent of the owner thereof and in the absence of the owner, and with intent temporarily to deprive the owner thereof of his possession thereof, without intent to steal the same. The value of such vehicle was $29,000.

9. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

10. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Sean M. Welsh
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, WILSON ALFONSO OVERTON and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
WILSON ALFONSO OVERTON

I am Charles Fitzgerald, the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Charles Fitzgerald, Esquire
Attorney for WILSON ALFONSO OVERTON

4