IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case 1:16-CR-120 |
| v. | ) | |
| | ) | Hon. Liam O'Grady |
| WILSON ALFONSO OVERTON, | ) | |
| | ) | Sentencing: September 9, 2016 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Sean M. Welsh, Special Assistant United States Attorney, respectfully submits its position regarding the sentencing of the defendant, Wilson Alfonso Overton. The United States Sentencing Guidelines provides for a sentencing range of 30 to 37 months. For the reasons stated herein, the United States respectfully submits that a sentence of 37 months of incarceration is reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

**I.    Background**

Wilson Alfonso Overton is 27 years old and a father of two young children. Mr. Overton appears to have had a troubled childhood, including seeing his father die at age of 6 and having a mother who was a drug addict. In the early morning hours of March 16, 2016, Mr. Overton was pulled over for speeding while driving on the George Washington Memorial Parkway by Sergeant Jonathan Daniels and Officer Gregory Harper of the United States Park Police. Smelling the odor of marijuana coming from the vehicle and believing Mr. Overton to be impaired, Sergeant Daniels asked Mr. Overton to exit his vehicle. Mr. Overton refused, rolled up

his window, and sped off. In doing so, Mr. Overton struck Officer Harper on his hip with his side-view mirror, turning him as he was standing by the front of Mr. Overton's vehicle.

Sergeant Daniels and Officer Harper pursued Mr. Overton in their respective vehicles. Mr. Overton led Sergeant Daniels and Officer Harper on a high-speed chase on the George Washington Memorial Parkway, travelling in his vehicle at a speed that approached 115 miles per hour. Mr. Overton eventually lost control and crashed his vehicle at the intersection of I-395 and the George Washington Memorial Parkway and fled the scene on foot. Sergeant Daniels and Officer Harper came upon the scene of the crash, exited their vehicles, and pursued Mr. Overton on foot. Mr. Overton ran into a wooded area and evaded detection. He then returned to where the police vehicles were parked, entered one of those vehicles, and began driving the vehicle on I-395 towards the District of Columbia with the emergency lights activated. Mr. Overton then crashed the police vehicle on the ramp to the 11th Street Bridge in the District of Columbia. The police vehicle was damaged such that the cost to repair it exceeded its value. The crash also destroyed a United States Park Police laptop computer contained in the vehicle. A subsequent inventory search of the vehicle originally driven by Mr. Overton revealed a firearm under the passenger seat. Mr. Overton later admitted to knowing the firearm was in his vehicle and stated that he drove off during the traffic stop because he had guns and drugs in his vehicle.

**II.     Argument**

While the United States Sentencing Commission Guidelines (the "Guidelines") are purely advisory, the Court must consider the Guidelines and the factors set forth in 18 U.S.C. § 3553(a) when determining an appropriate sentence. *United States v. Booker*, 543 U.S. 220, 264 (2005). The Fourth Circuit has held that the Court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the

§ 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 F. App'x 272, 273 (4th Cir. 2008) (citation omitted).

### A. The Sentencing Guidelines

The Probation Officer's Presentence Investigation Report ("PSR") correctly calculates the defendant's total offense level as 18. U.S.S.G. §§ 2A2.2, 2B1.1. This is derived by properly assessing the offense level for assault on a federal officer as 20 by incorporating a base level of 14, U.S.S.G. § 2A2.2(a), and a 6-level enhancement for harm to an official victim. U.S.S.G. § 3A1.2(c)(1). The offense level for the charge of unauthorized use of a vehicle is properly assessed as 14, incorporating the base level of 6, U.S.S.G. § 2B1.1(a)(2), a 4-level enhancement for loss of at least $15,000, but less than $40,000, U.S.S.G. § 2B1.1(b)(1)(C), and an adjustment to level 14 because of a conscious or reckless risk of death or serious bodily injury, U.S.S.G. § 2B1.1(b)(15). The two counts are properly assessed as constituting two groups amounting to 1.5 units. U.S.S.G. §§ 3D1.2, 3D1.4. The greater adjusted offense level is then increased by 1-level, U.S.S.G. § 3D1.4, and properly reduced by 3-levels for acceptance of responsibility. U.S.S.G. §§ 3E1.1(a), 3E1.1(b). The resulting offense level is correctly calculated as 18.

The government also agrees with the PSR's placement of the defendant in criminal history category II with prior convictions for possession of crack cocaine, possession of controlled substance- marijuana, and possession of marijuana. The Guidelines thus recommend a sentence in this case of 30 to 37 months of incarceration.

### B. The Section 3553(a) Factors

Title 18, United States Code, Section 3553(a) requires the Court to consider, in addition to the defendant's Guidelines range, the nature and circumstances of the offense and the history

and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).

Upon applying the sentencing factors to this case, a sentence of 37 months of incarceration would be appropriate and more than reasonable. Mr. Overton's actions were dangerous and a significant penalty is necessary to reflect the gravity of the offense and deter future conduct by the defendant and others in the community.

Mr. Overton created an incredibly dangerous situation through his actions. During the traffic stop, Mr. Overton injured one of the officers conducting the stop by striking the officer with his vehicle. However, the situation could have been much worse. Both officers were out of their vehicles, on foot, on the side of the George Washington Memorial Parkway while Mr. Overton was in his vehicle and drove recklessly away. Mr. Overton continued to create a dangerous situation when he drove recklessly on the George Washington Memorial Parkway at a speed close to 115 miles per hour while he was impaired and while the United States Park Police pursued him. By doing this, Mr. Overton endangered other drivers on the road. Mr. Overton caused further risk to others when he entered and drove the United States Park Police vehicle into the District of Columbia while the emergency lights were activated. Mr. Overton again was driving while impaired and in a reckless way that led him to crash the police vehicle, creating a substantial risk to others on the road.

A punishment of a period of incarceration of 37 months is warranted because of the series

of bad decisions Mr. Overton made during the early hours of March 16, 2016. This is not simply a case where Mr. Overton struck an officer while attempting to avoid a traffic stop. Mr. Overton exacerbated the situation by continuing to drive in a reckless manner, choosing to steal a police vehicle, and ultimately destroying the vehicle. The combination of conduct elevates the seriousness of the offense and a significant punishment is necessary to deter the defendant and others from similar conduct.

## III.     Conclusion

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 37 months of incarceration.

Dated: September 2, 2016                    Respectfully submitted,

Dana J. Boente
United States Attorney

By:     /s/
Sean M. Welsh
Special Assistant United States Attorney

Matthew Burke
Assistant United States Attorney

United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3980
Email: Sean.M.Welsh@usdoj.gov
Email: Matthew.Burke@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 2, 2016, I caused a copy of the foregoing to be filed with the Clerk via the CM/ECF system, which will cause notice to be sent to the following parties:

Charlie FitzGerald, Esquire
FitzGerald Firm
313 Grove Avenue
Falls Church, VA 22046
(703) 401-2766
cjfitzgeraldatlaw@gmail.com

                                                /s/
                                      Sean M. Welsh
                                      Special Assistant United States Attorney
                                      United States Attorney's Office
                                      Eastern District of Virginia
                                      2100 Jamieson Avenue
                                      Alexandria, VA 22314
                                      Phone: (703) 299-3700
                                      Fax: (703) 299-3980
                                      Email: Sean.M.Welsh@usdoj.gov